UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>Petitioner,<br><br>v.<br><br>YAOBIN CHEN and SEASON SEAFOOD TRADING, INC.,<br><br>Respondents. | CIVIL ACTION NO.<br>1:21-CV-00086-JPB |

# ORDER

This matter comes before the Court on Yaobin Chen's ("Respondent") Motion to Dismiss [Doc. 13]. This Court finds as follows:

## BACKGROUND

This case arises from an August 18, 2019, accident, in which Respondent crossed into oncoming traffic and was seriously injured. [Doc. 1, p. 4]. At the time of the accident, Respondent was driving a live fish transport vehicle owned by Season Seafood Trading, Inc., his employer, and insured by Progressive Mountain Insurance Company ("Petitioner") under an automobile insurance policy (the "Policy"). [Doc. 13-1, p. 1]. On November 3, 2020, Respondent sent Petitioner a demand letter for $750,000. [Doc. 1, p. 5]. Petitioner filed a Petition for

Declaratory Judgment in this Court on January 7, 2021, seeking a declaration as to the parties' rights and obligations under the Policy. Id. at 3.

The parties appear to dispute whether the Policy provides coverage for Respondent's claims for injuries resulting from the August 18, 2019 accident. The Policy named Season Seafood Trading, Inc., as the insured party and was effective from June 4, 2019, to December 4, 2019. [Doc. 1-1, p. 3]. The Policy contained an MCS-90 Endorsement,[1] which excluded coverage for "injury or death of the insured's employees while engaged in the course of their employment." Id. at 7. Petitioner claims that Respondent is an "employee" for the purposes of the MCS-90 Endorsement.[2] [Doc. 1, p. 7]. The Policy also included exclusions that expressly denied coverage for bodily injury to the insured's employees[3] and for injuries that would be covered by worker's compensation. [Doc. 1-1, p. 19].

---

[1] The Motor Carrier Act of 1980 requires commercial motor carriers to comply with certain financial responsibility requirements, including minimum insurance coverage. Nat'l Specialty Ins. Co. v. Martin-Vegue, 644 F. App'x 900, 906 (11th Cir. 2016). A motor carrier may prove its compliance with the minimum insurance requirement through an MCS-90 Endorsement. Id.

[2] The Motor Carrier Act defines an "employee" as "any individual . . . who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety" and includes in the definition "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)." 49 C.F.R. § 390.5.

[3] Petitioner explains that because the MCS-90 Endorsement is subject to the Motor Carrier Act, that statute "provides the definition of an employee for the Policy." [Doc. 1, p. 9].

2

Petitioner argues that Respondent qualifies an "employee" under the Policy's employee exclusion and that he is eligible for worker's compensation from his employer.  Id. at 9, 11.  Therefore, Petitioner alleges that Respondent is not entitled to coverage under the Policy based on the MCS-90 Endorsement or, in the alternative, the employee and worker's compensation exclusions.

Respondent filed a Motion to Dismiss on April 6, 2021, arguing that the Petition should be dismissed on two grounds.  [Doc. 13].  First, Respondent claims that Petitioner's declaratory judgment action is in reality a nonjusticiable request for an advisory opinion.[4]  Second, he argues that Petitioner failed to allege sufficient facts to state a claim for declaratory relief.

## ANALYSIS

**A.  Legal Standard**

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable

---

[4] Respondent does not explicitly frame this argument as an issue of the Court's subject-matter jurisdiction.  However, because the existence of a case or controversy implicates jurisdiction, the Court will address this argument as if it were directed to this issue.  See Miller v. FCC, 66 F.3d 1140, 1145–46 (11th Cir. 1995) ("Article III of the Constitution limits the jurisdiction of the federal courts to actual 'cases' or 'controversies.' . . . The prohibition on advisory opinions is a logical corollary of the case or controversy requirement."); see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) ("Any time doubt arises as to the existence of federal jurisdiction, [the Court is] obliged to address the issue before proceeding further.").

to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure take two forms.  A facial attack questions subject-matter jurisdiction based on the allegations in the complaint alone.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  This is not the case for a factual attack, which contests jurisdiction "in fact, irrespective of the

4

pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."[5] Morrison, 323 F.3d at 925 (citation omitted). Finally, "[t]he burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction." Murphy v. Sec'y, U.S. Dep't of Army, 769 F. App'x 779, 782 (11th Cir. 2019).

## B. Justiciability of Petitioner's Claim

Respondent's first basis for dismissal is that the Petition seeks a nonjusticiable advisory opinion from the Court. "Echoing the 'case or controversy' requirement of Article III, the Declaratory Judgment Act 'provides that a declaratory judgment may only be issued in the case of an actual controversy.'" A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co., 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). A controversy exists under the Declaratory Judgment Act if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

---

[5] As noted, Respondent does not frame the Motion to Dismiss under Rule 12(b)(1) and therefore does not clarify the nature of his challenge to the Court's jurisdiction. Nevertheless, the Court interprets Respondent's Motion as posing a facial attack. See, e.g., Am. Ins. Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1358 (N.D. Ga. 2010) (viewing an argument that "the allegations in [the] complaint do not satisfy the case or controversy requirement" as a facial attack to subject-matter jurisdiction).

immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). "Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such a purpose." State Farm Mut. Auto. Ins. Co. v. Bates, 542 F. Supp. 807, 817 (N.D. Ga. 1982). In the insurance context, even if it is unclear whether the injured party will sue or obtain a judgment against the insured, "'there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.'" GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1569 (11th Cir. 1995) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2757 (2d ed. 1983)). In other words, "[t]hat the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action." Id. (quoting Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992)).

According to Respondent, because Petitioner did not explain "what cause of action might even trigger [its] coverage to apply to [Respondent]," the Petition merely asks this Court for an advisory opinion. [Doc. 13-1, p. 2]. In a similar vein, Respondent contends that a pre-litigation "demand to pay does not trigger

6

any rights or duties if there is no cause of action which could require payment."[6] Id.  However, the Eleventh Circuit Court of Appeals permits "entertaining a declaratory judgment action on a somewhat hypothetical set of facts."  GTE Directories Pub. Corp., 67 F.3d at 1569.  The absence of an underlying cause of action does not deprive this Court of jurisdiction over Petitioner's claim for declaratory relief.  See, e.g., W. World Ins. Co. v. J&R Roofing, Inc., No. 1:14-CV-2174, 2014 WL 12366405, at *4 (N.D. Ga. Dec. 8, 2014) ("Although no underlying lawsuit has yet been filed, there is a 'practical likelihood' that [the defendant] will be sued for the fire loss."); cf. Edwards v. Sharkey, 747 F.2d 684, 686–87 (11th Cir. 1984) ("Moreover, the Supreme Court of the United States has held that a 'case or controversy' exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured.").  In fact, requiring Petitioner to wait

---

[6] Respondent cites only Georgia law in the Motion to Dismiss.  However, federal law controls the justiciability of an action.  Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1332 (11th Cir. 1989) ("[A]n invocation of the federal Declaratory Judgment Act . . . is neither precluded nor controlled by Georgia's procedural law."), abrogated on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  Georgia law thus has no bearing on whether a federal court can adjudicate an action under the Declaratory Judgment Act.  See, e.g., Payne v. State Farm Fire & Cas. Co., No. 1:11-CV-00309, 2011 WL 13220695, at *3 (N.D. Ga. Aug. 2, 2011) ("Federal law determines whether a federal court can render a declaratory judgment, and therefore, Georgia law with regard to whether this case is a justiciable controversy does not control federal law here.").

until a suit is filed to seek clarity about its rights and obligations under the Policy runs contrary to the purposes of the Declaratory Judgment Act. Am. Ins. Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010).

Furthermore, the Court finds that a sufficient case or controversy exists in this matter. Showing a case or controversy for the purposes of declaratory relief requires the plaintiff to "allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" A&M Gerber Chiropractic, 925 F.3d at 1211 (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). According to the Petition, Respondent sent Petitioner a demand for $750,000, which equals the Policy's coverage limit, and Petitioner anticipates that Respondent will contest Petitioner's stance regarding the parties' rights and obligations under the Policy. These facts show a "substantial likelihood" that Petitioner will suffer future injury. See, e.g., Am. Ins. Co., 699 F. Supp. 2d at 1359 (finding that the "possibility or conjecture of a future lawsuit" was "sufficient to establish a controversy or a threatened injury"). Based on Petitioner's well-pleaded allegations, the Court finds that the Petition does not seek an advisory opinion from this Court and that Petitioner met its burden of showing that a case or controversy exists.

### C. Sufficiency of Factual Allegations

Respondent's second basis for dismissal is that Petitioner failed to allege sufficient facts—specifically, those related to the applicability of the Motor Vehicle Act, Respondent's employment status and his eligibility for worker's compensation—to state a claim for declaratory relief. Petitioner contends that under the proper standard, its allegations on these points withstand a motion to dismiss.

Respondent argues that Petitioner did not "[p]rove" why the vehicle driven by Respondent was covered under the Motor Vehicle Act. [Doc. 13-1, p. 3]. In particular, Respondent takes issue with the absence of "proof of whether the cargo transported by [Respondent] would trigger the determination that this claim falls under some part of the Motor Carrier Act." Id. at 4. However, Petitioner alleged that the Policy contained an MCS-90 Endorsement, pursuant to the requirements of the Motor Vehicle Act, and that Respondent sent Petitioner a demand letter for coverage under the Policy. Contrary to Respondent's assertion, Petitioner need not "prove" its claims to survive a motion to dismiss. At this stage in the litigation, Petitioner's only obligation is to allege "sufficient factual matter" that, when accepted as true, states a plausible claim to relief. Iqbal, 556 U.S. at 678.

Petitioner fulfilled this obligation with respect to the applicability of the Motor Vehicle Act.

Respondent also contends that Petitioner failed to "[e]stablish" Respondent's worker's compensation eligibility, and he seems to suggest that Petitioner's allegations about his employment status are similarly deficient. [Doc. 13-1, pp. 3–4]. In the Petition, Petitioner alleges that the Policy excluded from coverage—either under the MCS-90 Endorsement or the employee exclusion—any injuries of an insured's employees. Petitioner also contends that the Policy did not extend coverage to claims that would be covered by worker's compensation. Further, Petitioner alleges that Respondent was an "employee" for the purposes of the MCS-90 Endorsement and the employee exclusion and that he is entitled to worker's compensation benefits from his employer.[7] Petitioner cites language from the Policy to substantiate all of these assertions, and Petitioner claims that Respondent is likely to dispute its interpretation of the Policy's language at issue. Again, Petitioner need not prove its claims at this stage in the litigation. When the facts in the Petition are accepted as true and construed in the light most favorable

---

[7] Respondent does not contest Petitioner's claim that he is an employee as defined under the Policy, and in fact, Respondent agrees that "the best cause of action in this situation would be [worker's] compensation." [Doc. 13-1, p. 3].

10

to Petitioner, they are sufficient to state a claim for declaratory relief. See <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss [Doc. 13] is **DENIED**.

**SO ORDERED** this 28th day of February, 2022.

_____
**J. P. BOULEE**
United States District Judge